**WO**                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roque Saul Barraza, | ) | No. CIV 05-2385-PHX-NVW (JCG) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joe Arpaio, | ) | |
| Defendant. | ) | |

On August 9, 2005, Plaintiff Roque Saul Barraza, presently confined in the Maricopa County Tent City Jail, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed").

This is one of more than one thousand (1,000) civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]

**Application to Proceed In Forma Pauperis**

Plaintiff's Application to Proceed and account statement make the showing required

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-k**

1  by 28 U.S.C. § 1915(a).  Accordingly, Plaintiff's Application to Proceed will be granted.

2  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the two hundred fifty
3  dollar ($250.00) statutory filing fee for this action.  Plaintiff will be assessed an initial partial
4  filing fee of two dollars and fifty cents ($2.50).  28 U.S.C. § 1915(b)(1).

5  By separate order, the Court will direct the appropriate agency to collect the initial
6  partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.
7  Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the
8  preceding month's income credited to Plaintiff's trust account.  These payments will be
9  forwarded by the appropriate agency to the Clerk of the Court each time the amount in
10 Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C.
11 § 1915(b)(2).

12 Plaintiff should note that if he is released before the filing fee is paid in full, he must
13 pay the remaining unpaid amount of the filing fee within one hundred twenty (120) days of
14 the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one
15 hundred twenty (120) days of the date of his release, the action will be dismissed, unless
16 Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing
17 fee.

18 Plaintiff should further note that a prisoner may not bring a civil action without
19 complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or
20 more occasions, an action or appeal in a federal court that was dismissed as frivolous, as
21 malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner
22 is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

23 **Statutory Screening of Prisoner Complaints**

24 The Court is required to screen complaints brought by prisoners seeking relief against
25 a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §
26 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
27 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
28 be granted, or that seek monetary relief from a defendant who is immune from such relief.

**JDDL-k**

- 2 -

28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n. 13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed with leave to amend because the Complaint may possibly be saved by amendment.

### Complaint

Maricopa County Sheriff Joe Arpaio is named as a Defendant in the Complaint.

Plaintiff alleges three grounds for relief in the Complaint: 1) over one hundred (100) inmates were housed in thirty-two (32) man pods at Durango Jail, in violation of the Eighth Amendment; 2) there were insufficient cleaning supplies and bathroom facilities, in violation of the Eighth Amendment; and 3) overcrowding led to fights, in violation of the Eighth Amendment. Plaintiff seeks money damages.

### Failure to Link

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory

1 official was aware of widespread abuses and with deliberate indifference to the inmate's
2 constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814
3 F.2d 565, 568 (9th Cir. 1987); See Monell v. New York City Department of Social Services,
4 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and
5 therefore, a defendant's position as the supervisor of persons who allegedly violated
6 Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton
7 v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
8 1989).

9 In this case, Plaintiff states only that Defendant Arpaio violated his civil rights.
10 Plaintiff does not allege that Defendant Arpaio personally participated in the harms alleged
11 in Plaintiff's individual claims, nor does he allege that Defendant Arpaio was aware of the
12 harms and failed to act, or that Defendant Arpaio's policies led to the harms. Accordingly,
13 Plaintiff has failed to state a claim against Defendant Arpaio.

14 **Failure to State a Claim**

15 The deficiencies in Plaintiff's Complaint go beyond his failure to link his injuries to
16 the named Defendant. Plaintiff should note that allegations of overcrowding, alone, are
17 insufficient to state a claim under the Eighth Amendment. See Rhodes v. Chapman, 452 U.S.
18 337, 348 (1982). In this case, Plaintiff has failed to the allege that the conditions in the Jail
19 created the "wanton and unnecessary infliction of pain" as required to state a Fourteenth and
20 Eighth Amendment conditions of confinement claim. Id. 347. The inquiry with respect to
21 pretrial detainees is whether the prison conditions amount to "punishment" without due
22 process in violation of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535
23 (1979). Generally, a prison's "obligation under the [E]ighth [A]mendment is at an end if it
24 furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care,
25 and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (quotations
26 omitted). However, this does not mean that federal courts can or should interfere whenever
27 prisoners are inconvenienced or suffer de minimis injuries. See Bell, 441 U.S. at 539 n.21
28 (noting that a de minimis level of imposition does not rise to a constitutional violation).

1    Further, Plaintiff has failed to allege that he personally suffered injury from the
2 conditions he describes. Accordingly, Plaintiff's claims must be dismissed for failure to state
3 a claim.

4 **Dismissal with Leave to Amend**

5    Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519
6 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board
7 of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson,
8 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint
9 may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d
10 at 268.

11    Because Plaintiff has failed to link his injuries with the named Defendant, and has
12 failed to state a claim, the Complaint will be dismissed without prejudice. However, in
13 keeping with "the rule favoring liberality in amendments to pleadings," the Court will
14 exercise its discretion and allow Plaintiff to file an amended complaint, if he so desires, to
15 show what constitutional rights he has been deprived of, and how the conduct of proper
16 defendants deprived him of said rights. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

17    If Plaintiff chooses to file an amended complaint, he should note that all causes of
18 action alleged in an original Complaint which are not alleged in an amended complaint are
19 waived. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.
20 1990) ("an amended pleading supersedes the original").

21    Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety
22 on the current, Court-approved form included with this Order and may not incorporate any
23 part of the original Complaint by reference. See Local Rule of Civil Procedure ("LRCiv")
24 15.1(a)(2). If Plaintiff cannot fit all of his supporting facts in favor of a particular count on
25 the Court-approved form, then he may continue on an attachment, but each matter on any
26 attachment must be clearly referenced to a particular count on the Court-approved form, and
27 be numbered appropriately.

28

**JDDL-k**

**Rule 41(b) Warning**

If Plaintiff fails to timely comply with every provision of this Order, this action will be dismissed without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** as follows:

(1) Plaintiff's Application to Proceed In Forma Pauperis is GRANTED;

(2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action. Plaintiff is assessed an initial partial filing fee of two dollars and fifty cents ($2.50). All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith;

(3) Plaintiff's "Civil Rights Complaint By A Prisoner" (Document #1) ("Complaint") pursuant to 42 U.S.C. § 1983 is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND. Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to file an amended complaint in order to state specific allegations of deprivation of constitutional rights against proper defendant(s), to name as defendant(s) the individual(s) who participated in the activities alleged in his amended complaint, to state what injury he has suffered as a result of the activities of the defendant(s), and to show how, prior to filing this action, he exhausted his administrative remedies as to each of his claims for relief. The amended complaint must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order, may not incorporate any part of the original Complaint by reference, and must contain Plaintiff's original signature. If Plaintiff fails to file the amended complaint on a current, Court-approved form, the amended complaint will be stricken, and the action dismissed without further notice to Plaintiff. Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on

1 the face of the document;

2 (4) The Clerk of Court shall enter a judgment of dismissal of this action with prejudice 3 and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within 4 thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make 5 an entry on the docket in this matter indicating that the dismissal of this action falls within 6 the purview of 28 U.S.C. § 1915(g);

7 (5) A clear, legible copy of every pleading or other document filed SHALL 8 ACCOMPANY each original pleading or other document filed with the Clerk for use by the 9 District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  **Failure** 10 **to submit a copy along with the original pleading or document will result in the** 11 **pleading or document being stricken without further notice to Plaintiff;**

12 (6) At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY 13 ADVISE the Court and the United States Marshal of any change of address and its effective 14 date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice 15 shall contain only information pertaining to the change of address and its effective date, 16 except that if Plaintiff has been released from custody, the notice should so indicate.  The 17 notice shall not include any motions for any other relief.  Failure to file a NOTICE OF 18 CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute 19 pursuant to Federal Rule of Civil Procedure 41(b); and

20 (7)  The Clerk of the Court is DIRECTED to provide Plaintiff with a current, Court-21 approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

22 DATED this 3rd day of November, 2005.

_____
Neil V. Wake
United States District Judge

**JDDL-k**

- 7 -